**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **EVER A PANDO URIBE** | **DOCKET NO. 2:26-cv-0520** |
| **REG. # 08090-511** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **WARDEN FCI OAKDALE II** | **MAGISTRATE JUDGE LEBLANC** |

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Ever A Pando Uribe.  Doc. 4.  Uribe is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Uribe was sentenced in the United States District Court for the Western District of Oklahoma on November 20, 2024.  *See* doc. 4, p. 1.  The instant petition challenges the BOP's alleged misapplication of an Alien/Deportable Alien Public Safety Factor to Uribe's classification, despite the fact he contends he is a lawful, permanent resident with no immigration detainer, removal order, or pending immigration proceedings.  *Id*. at p. 4.  According to the petition, Uribe attempted to pursue administrative remedies but "Unit Staff refused to accept or process [his] BP-9 submission, making administrative remedies unavailable."  *Id*. at p. 3.

## II.
### LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  *Exhaustion*

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the

warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.

Uribe concedes that he did not exhaust the claims before this Court.  He contends that administrative remedies were unavailable, as prison staff obstructed his access to same.  Doc. 4, p. 2.  An administrative remedy is unavailable if (1) "it operates as a simple dead end," (2) if it is "so opaque that it becomes, practically speaking, incapable of use," or (3) if "prison administrators thwart inmates from taking advantage of [a grievance process] through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016).  In *Atkinson v. Hawkins*, the court held that administrative remedies were *not* unavailable to the petitioner, who failed to allege "how long she was delayed in commencing the administrative remedies process," and who failed to offer "detailed allegations or evidence of any particular instance of thwarting by prison staff."  2023 U.S. Dist. LEXIS 31214, *6 (S.D. Tex. Feb. 24, 2023).  Relying on *Ramirez v. Bureau of Prisons,* 2017 U.S. Dist. LEXIS 114005, 2017 WL 3135934, at *3 (S.D. Miss. May 31, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 113670, 2017 WL 3132068 (S.D. Miss. July 21, 2017), in which that court held that "[t]he non-movant must present 'sufficiently specific facts,' such as the identity of the prison employees, the forms requested, the date requested, and evidence detailing the prison officials' response or denial," the *Atkinson* court granted the respondent's motion for summary judgment, dismissing the petition without prejudice for failure to exhaust.  *Id*.

Similarly, Uribe has failed to offer any detailed allegations or evidence of prison staff obstructing access to administrative remedies and, therefore, his claims are unexhausted and should be dismissed.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Uribe's right to refile the petition either with sufficient specific allegations that support his claim that administrative remedies were unavailable or after he has exhausted his administrative remedies and properly alleges same.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 20th day of April, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE