**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

EVER A PANDO URIBE #08090-511          CASE NO.  2:26-CV-00520 SEC P

VERSUS                                 JUDGE JAMES D. CAIN, JR.

WARDEN F C I OAKDALE II                MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the Court is "Petitioner's Written Objections to Report and Recommendation and Motion for Leave to Supplement" (Doc. 7) wherein Petitioner submits a late filed objection to the Report and Recommendation and his Declaration of three (3) employees who he attests on non-specific dates refused to provide, process, or accept either a BP-8 form and/or a BP-9 form to start the administrative process.

Petitioner argues that because they refused to either provide, process, or accept these forms, he was prevented from proceeding through the administrative process and therefore any attempt to exhaust his administrative remedies was futile.

Even accepting that Petitioner's exhaustion requirement was futile, the Court would still deny Petitioner's writ of *habeas corpus* and dismiss this case.

Uribe may challenge the delay by the BOP in his placement in a halfway house or other less restrictive place of confinement under § 2241 because it impacts the execution of his sentence. *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). But he is entitled to § 2241 relief only to remedy a restraint on his liberty which violates the constitution, treaties, or laws of the United States.

*United States v. Hayman,* 342 U.S. 205, 211-12 & n.11 (1952); see *also Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (quotation omitted).

However, the Supreme Court has consistently held that a prisoner has no constitutional right to confinement in any particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

Section 3624(c) grants the BOP Director the discretion to place a prisoner in a residential reentry center for up to twelve months. 18 U.S.C. § 3624(c)(1); *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). It further gives the Director the discretion "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). It also directs the BOP to issue new regulations to ensure that placements in community facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6).

A petitioner complaining about a discretionary assignment by the BOP is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.' " *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); cf. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.' ") (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

After reviewing Uribe's petition and the applicable statutes, the Court finds even if he had exhausted, his claim would fail as the BOP has the exclusive authority and discretion to determine if and when to assign him to a residential reentry center or home confinement. The Court further finds Petitioner has failed to identify in his petition any restraint on his liberty which violates the constitution, treaties, or laws of the United States.

## **CONCLUSION**

For the reasons explained herein, the Court will deny Petitioner's Motion to Amend/Correct and Petition for Writ of Habeas Corpus, and issue an Amended Judgment dismissing Petitioner's Writ of *Habeas Corpus* with prejudice.

**THUS DONE AND SIGNED** in chambers on this 13th day of May, 2026.

JAMES. D. CAIN, JR.
UNITED STATES DISTRICT JUDGE